```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
LARRY W. AIKEN,                     :
                                    :
          Petitioner,               :    Civ. No. 20-14972 (NLH)
                                    :
     v.                             :    OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
_____ :
```

APPEARANCE:

Larry W. Aiken
20329-017
Fort Dix Federal Correctional Institution
P.O. BOX 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Larry Aiken, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction. ECF No. 1. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

    Petitioner pled guilty to possession of material containing child pornography, 18 U.S.C. § 2252A(a)(5)(B), before the United States District Court for the Western District of North Carolina. United States v. Aiken, No. 5:14-cr-0022 (W.D.N.C.

Oct. 7, 2014) (ECF No. 20).[1]  The court sentenced Petitioner to 120 months imprisonment with 10 years of supervised release. Id. (June 4, 2015) (ECF No. 31).

Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit arguing that he received ineffective assistance of counsel.  The Fourth Circuit dismissed the appeal since "unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal." United States v. Aiken, 642 F. App'x 205, 206 (4th Cir. 2016) (per curiam).

Petitioner subsequently filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255. Aiken, No. 5:14-cr-0022 (W.D.N.C. May 31, 2016) (ECF No. 50). The district court denied the petition, id. (Aug. 25, 2016) (ECF No. 51), and the Fourth Circuit denied a certificate of appealability, United States v. Aiken, 689 F. App'x 185, 186 (4th Cir. 2017) (per curiam).  This § 2241 petition followed on October 26, 2020.  ECF No. 1.  The Court originally administratively terminated the petition as Petitioner had not paid the filing fee or submitted an in forma pauperis

---

[1] The Court takes judicial notice of the public filings in Petitioner's criminal case.

2

application.  ECF No. 4.  The Court will reopen the matter as Petitioner has paid the filing fee.

II.  DISCUSSION

    A.  Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

    B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly

prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner argues that he received ineffective assistance of counsel during the plea-bargaining phase and that the images in question do not meet the statutory definition of "sexually explicit conduct," "graphic," or "lascivious."  ECF No. 2 at 4. Petitioner raised his ineffective assistance of counsel claim in his § 2255 motion before the sentencing court.  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ."  Cradle, 290 F.3d 539.  See also Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam) (sentencing court's prior denial of identical claims does not render § 2255 remedy "inadequate or ineffective").

Prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the

4

prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).

Petitioner could have argued that the images in question did not meet the relevant statutory definitions during either his direct appeal or his § 2255 proceedings. There is no indication that an intervening Supreme Court case redefined the elements of possession of child pornography offense such that Petitioner's actions no longer qualify as illegal. Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Fourth Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit as it does not appear that Petitioner can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be

5

construed as prohibiting Petitioner from seeking the Fourth Circuit's permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the petition is dismissed for lack of jurisdiction.

An appropriate order will be entered.

Dated: January 26, 2021               s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.